COURT OF APPEALS OF VIRGINIA


Present:  Judges Elder, Bumgardner and Humphreys


AECOM TECHNOLOGY CORPORATION AND
 AMERICAN INSURANCE COMPANY

                                        MEMORANDUM OPINION*
v.    Record No. 0352-00-4                  PER CURIAM
                                          AUGUST 1, 2000
WILLIAM FRANKLIN MASSEY


        FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

          (Forest A. Nester; Brizendine, Bergen &
          Tripoda, on brief), for appellants.

          (Robert A. Mordhorst; Mordhorst, Taweel &
          Adams, on brief), for appellee.


     Aecom Technology and its insurer (hereinafter referred to

as "employer") contend that the Workers' Compensation Commission

erred in finding that William Franklin Massey (claimant) proved

that the aggravation of his pre-existing spinal stenosis, his

surgery, and his post-surgery disability were causally related

to his compensable September 4, 1998 injury by accident.  Upon

reviewing the record and the briefs of the parties, we conclude

that this appeal is without merit.  Accordingly, we summarily

affirm the commission's decision.  See Rule 5A:27.

     On appeal, we view the evidence in the light most favorable

to the prevailing party below.  See R.G. Moore Bldg. Corp. v.

─────────────────

        * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990). "The actual determination of causation is a factual finding that will not be disturbed on appeal if there is credible evidence to support the finding." Ingersoll-Rand Co. v. Musick, 7 Va. App. 684, 688, 376 S.E.3d 814, 817 (1989).

In ruling that claimant established a causal connection between the September 4, 1998 accident and his February 17, 1999 fusion surgery and subsequent disability, the commission found as follows:

> [W]e note that [orthopedic surgeon] Dr.
> [Robert] Squillante in his Attending
> Physician's report notes the incident of the
> claimant climbing on a ladder on September
> 4, 1998 and that he pulled his back that
> resulted in a spinal fusion with
> instrumentation at the L4-L5 level in
> February of 1999. While the claimant may
> have had previous problems with his back, an
> MRI lumbar spine of October 4, 1997, showed
> at the L4-5 level no herniated disc, central
> or foraminal stenosis. Likewise, when the
> claimant last saw Dr. Squillante prior to
> the accident on June 4, 1998, it was noted
> that he only had intermittent lumbar pain
> and had marked relief of the lower extremity
> pain. The claimant at that time was working
> full time and progressing nicely. He was
> not to return except on a per need basis.
> The claimant's uncontradicted testimony is
> that he was able to perform rather strenuous
> work from the date of this visit until the
> September 4, 1998, accident. The doctor's
> report on September 10, 1998, noted that the
> pain that the claimant was feeling was
> somewhat different than he had in the past.
> It is not until a September 23, 1998, MRI,
> that canal stenosis secondary to posterior
> facet and ligamentous hypertrophy is noted
> at the L4-L5 level.

Dr. Squillante's uncontradicted opinion regarding causation contained in his Attending Physician's report, coupled with claimant's medical records and his undisputed testimony that he was able to perform strenuous work from June 4, 1998 up until the September 4, 1998 accident, constitute credible evidence to support the commission's findings. Therefore, those findings are binding and conclusive upon us on appeal. "In determining whether credible evidence exists, the appellate court does not retry the facts, reweigh the preponderance of the evidence, or make its own determination of the credibility of the witnesses." Wagner Enters., Inc. v. Brooks, 12 Va. App. 890, 894, 407 S.E.2d 32, 35 (1991).

For these reasons, we affirm the commission's decision.

Affirmed.